UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NANCY ROSARIO, INDIVIDUALLY, )<br>AS SHE IS THE ADMINISTRATRIX OF )<br>THE ESTATE OF AWILDA SANTIAGO, )<br>ESSEX PROBATE COURT DOCKET )<br>#03P-2499AD1, P/P/A VERONICA )<br>ROSARIO AND CHRISTINA SANTIAGO, )<br>AND AS SHE IS THE ADMINISTRATRIX )<br>OF THE ESTATE OF JOSE SANTIAGO, )<br>BERLIN (CONNECTICUT) PROBATE )<br>COURT, CASE #03-0713 )<br> )<br>Plaintiff )<br> )<br>v. )<br> )<br>RARE HOSPITALITY INTERNATIONAL, )<br>INC. d/b/a LONGHORN STEAKHOUSE )<br> )<br>Defendant )<br> ) | 05  10617 MLW<br><br>MAGISTRATE JUDGE _____<br><br>Civil Action Number:<br><br>RECEIPT #_____<br>AMOUNT $_____<br>SUMMONS ISSUED____<br>LOCAL RULE 4.1_____<br>WAIVER FORM_____<br>MCF ISSUED_____<br>BY DPTY. CLK_____<br>DATE_____ |

## NOTICE OF REMOVAL

TO:  THE CHIEF JUDGE AND JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

NOW COMES RARE Hospitality International, Inc., ("RARE") and files this Notice of Removal of the above-captioned action from Essex Superior Court, Essex County, Commonwealth of Massachusetts, to the United States District Court for the District of Massachusetts. In support of its Notice of Removal, RARE states as follows:

1.  As appears from Docket No. 05-0327C on file in Essex Superior Court, the plaintiff filed her complaint on February 28, 2005. On March 9, 2005, RARE was served with a Summons and Complaint. A copy of the Summons and Complaint is attached to this Notice as Exhibit "A".

2. According to the Complaint, this is a negligence and wrongful death action in which plaintiff alleges personal injuries and death resulting from a motor vehicle accident involving a non-party who was allegedly supplied with alcoholic beverages at a facility owned by RARE in Leominster, Massachusetts. As a result of RARE's alleged negligence, the plaintiff claims that various members of her family sustained severe and permanent injuries including death.

3. The plaintiff is a resident of Lawrence, Essex County, Massachusetts.

4. RARE is a Georgia Corporation with a principal place of business in Atlanta, Georgia.

5. Jurisdiction is founded on diversity of citizenship between the parties pursuant to 28 U.S.C. § 1332.

6. At the time the complaint was filed the plaintiff's injured individuals had already suffered an alleged $205,000 in medical expenses. Plaintiff has also claimed past and future pain and suffering. Therefore, the amount in controversy, given the plaintiff's alleged damages, exceeds $75,000.

7. This Notice of Removal is being filed within the time period required by 28 U.S.C. § 1446(b).

8. This Notice of Removal was served on counsel of record via regular mail on March 29, 2005.

**Wherefore**, RARE prays for removal of the above-captioned matter from Essex Superior Court, Essex County, to the United States District Court for the District of Massachusetts.

Dated: March 29, 2005

Respectfully submitted,

RARE HOSPITALITY INTERNATIONAL, INC.

By Its Attorneys,

CAMPBELL CAMPBELL EDWARDS & CONROY
PROFESSIONAL CORPORATION

*/s/ Brian P. Voke*
Brian P. Voke, BBO#544327
One Constitution Plaza
Boston, MA 02129
617-241-3000

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the following attorney of record by mail on March 29, 2005.

Albert L. Farrah, Jr., Esq.
One Washington Mall, 5th Floor
Boston, MA 02108

*/s/ Brian P. Voke*
Brian Voke

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT -
CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 05-0327C

Nancy Rosario, Individually, et al.................................., Plaintiff(s)

v.

RARE Hospitality International, Inc. d/b/a
Longhorn Steakhouse.................................................., Defendant(s)

## SUMMONS

To the above named Defendant: CT Corporation, resident agent of RARE Hospitality International, Inc. d/b/a Longhorn Steakhouse

You are hereby summoned and required to serve upon Albert L. Farrah, Jr., Esq., plaintiff's attorney, whose address is One Washington Mall, Boston, MA 02108, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at 34 Federal Street, Salem, MA 01970 either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, SUZANNE V. DelVECCHIO, Esquire, at Salem, the day of March, in the year of our Lord two thousand -five

A true copy Attest:
3/8/05 Deputy Sheriff Suffolk County

*Clerk*

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein *and* also file the original in the Clerk's Office.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

2. Defendant RARE Hospitality International, Inc. ("RARE") is a publicly traded corporation organized under law with a principal place of business at 8215 Roswell Road, Building 200, Atlanta, Georgia.

3. At all times pertinent hereto, RARE was engaged in the business of owning, operating and franchising restaurants in the United States, including restaurants operated under the names LongHorn Steakhouse, Bugaboo Creek Steak House and Capital Grille.

4. At all times pertinent hereto, and on the date the Accident as defined below, RARE operated a restaurant in Leominster, Massachusetts under the trade name of LongHorn Steakhouse (the "Leominster LongHorn"), at which restaurant, among others, it offered and supplied to the public alcoholic beverages.

## EVENTS OF SEPTEMBER 26 – 27, 2003

### The Accident

5. In the early morning of September 27, 2003, at approximately 10 minutes past midnight, on Route 495 Southbound, a public way, in Westford, Massachusetts, Jeffery Southworth was operating a motor vehicle (the "Southworth Motor Vehicle").

6. At the same place and time, Christina, Veronica and Awilda were passengers in a motor vehicle being operated by Jose, their father.

7. Southworth was operating the Southworth Motor Vehicle under the influence of alcoholic beverages at that place and time.

8. Southworth negligently operated the Southworth Motor Vehicle at that place and time and as a result, the motor vehicle driven by Jose and in which Christina, Veronica and Awilda were riding, was struck by, and had an accident with, the Southworth Motor Vehicle (the "Accident").

### Southworth's Consumption of Alcoholic Beverages at Rare's Leominster Longhorn

9. During the evening of September 26, 2003, Southworth was a customer at the Leominster LongHorn.

10. That evening, RARE's Leominster LongHorn employees served Southworth intoxicating beverages, while Southworth was intoxicated, in circumstances such that RARE's Leominster LongHorn employees who served Southworth, knew or reasonably should have known, Southworth was intoxicated.

11. Southworth then operated the Southworth Motor Vehicle while intoxicated.

12. That operation was reasonably foreseeable by RARE and its employees.

13. A person of ordinary prudence, in the circumstances, would not have served Southworth, and it was negligence for RARE to do so.

14. Southworth's driving caused the Accident and the various injuries described below. These injuries were within the scope of the risk created by RARE and its employees.

### COUNT I
### For Awilda's Wrongful Death Against RARE - Negligence

15. Paragraphs 1 through 14 above are realleged as if set forth in full.

16. As a direct and proximate cause of RARE's negligence in serving Southworth intoxicating beverages as described above, the Accident occurred, Awilda endured conscious pain and suffering, and died.

17. As a direct and proximate cause of the negligence of RARE and as a result of Awilda's death, Nancy has suffered damages, including but not limited to lost income, services, protection, care, assistance, society, companionship, guidance, counsel and advice of Awilda, as well as suffering the cost of funeral and burial expenses.

## COUNT II
### For Awilda's Wrongful Death Against RARE
### Willful, Wanton or Reckless Conduct or Gross Negligence

18.  Paragraphs 1 through 17 above are realleged as if set forth in full.

19.  RARE's supplying intoxicating beverages to Southworth under the circumstances described above constituted willful, wanton or reckless conduct or gross negligence.

20.  As a direct and proximate cause of RARE's willful, wanton or reckless conduct, or gross negligence as described above, the Accident occurred, Awilda endured conscious pain and suffering, and died.

21.  As a direct and proximate cause of RARE's willful, wanton, reckless conduct, or gross negligence as described above, and as a result of Awilda's death, Nancy has suffered damages, including but not limited to lost income, services, protection, care, assistance, society, companionship, guidance, counsel and advice of Awilda. Her estate has suffered the cost of funeral and burial expenses.

## COUNT III
### For Jose's Wrongful Death Against RARE - Negligence

22.  Paragraphs 1 through 21 above are realleged as if set forth in full.

23.  As a direct and proximate cause of RARE's negligence in serving Southworth intoxicating beverages as described above, the Accident occurred, Jose endured conscious pain and suffering, and died.

24.  As a direct and proximate cause of the negligence of RARE and as a result of Jose's death, Jose's surviving children have suffered damages, including but not limited to lost income, services, protection, care, assistance, society, companionship, guidance, counsel and advice of Jose. His estate has suffered the cost of funeral and burial expenses.

## COUNT IV
### For Jose's Wrongful Death Against RARE
### Willful, Wanton or Reckless Conduct or Gross Negligence

25. Paragraphs 1 through 24 above are realleged as if set forth in full.

26. RARE's supplying intoxicating beverages to Southworth under the circumstances described above constituted willful, wanton or reckless conduct or gross negligence.

27. As a direct and proximate cause of RARE's willful, wanton or reckless conduct, or gross negligence as described above, the Accident occurred, Jose endured conscious pain and suffering, and died.

28. As a direct and proximate cause of RARE's willful, wanton, reckless conduct, or gross negligence as described above, and as a result of Jose's death, Jose's surviving children have suffered damages, including but not limited to lost income, services, protection, care, assistance, society, companionship, guidance, counsel and advice of Jose, as well as suffering the cost of funeral and burial expenses.

## COUNT V
### For Christina's Damages Against RARE - RARE's Negligence

29. Paragraphs 1 through 28 above are realleged as if set forth in full.

30. As a direct and proximate cause of RARE's negligence as described above, the Accident occurred, Christina has suffered, and will continue in the future to suffer, injuries and damages, including but not limited to permanent injury and scarring, permanent brain and head injury, greatly diminished cognitive skills, and great pain, both of body and mind. She has incurred financial obligations and been forced to spend money for various medical treatments, including over 50 days of hospitalization. She will be required in the future to expend money for medical treatment, life care, rehabilitation and training, and will suffer greatly diminished

earnings and earning capacity.

## COUNT VI
### Veronica's Damages Against RARE - RARE's Negligence

31. Paragraphs 1 through 30 above are realleged as if set forth in full.

32. As a direct and proximate cause of RARE's negligence as described above, the Accident occurred, Veronica has suffered, and will continue to suffer, injuries and damages, including but not limited to permanent injury and scarring, and great pain, both of body and mind. She has incurred financial obligations and been forced to spend money for various medical treatments including hospitalization. She will be required in the future to expend money for medical treatment, life care, rehabilitation and training, and will suffer greatly diminished earnings and earning capacity.

## COUNT VII
### Nancy's Emotional Distress and Chapter 231, §85X Damages Against RARE

33. Paragraphs 1 through 32 above are realleged as if set forth in full.

34. As a direct and proximate cause of RARE's negligence as described above, the Accident occurred, and Nancy has suffered, and will continue to suffer, emotional distress and anguish over Awilda's death and Christina's and Veronica's injuries, and has lost, and will continue to lose, the care, comfort and companionship of Veronica and Christina as the result of the serious injuries they suffered, and will continue to suffer.

## COUNT VIII
### Negligent Infliction of Emotional Distress -- RARE

35. Paragraphs 1 through 34 above are realleged as if set forth in full.

36. Veronica and Christina were with Awilda when she died. They witnessed her death and have suffered, and will continue to suffer, emotional distress as a result, including

6

various physical manifestations of their mental distress. A reasonable person would have suffered the emotional distress suffered by Veronica and Christina under the circumstances of this case.

37. Veronica's and Christina's emotional distress are a direct and proximate result of the negligence of RARE which caused the Accident.

## COUNT IX
### Negligent Infliction of Emotional Distress – RARE

38. Paragraphs 1 through 37 above are realleged as if set forth in full.

39. Veronica and Christina were with Jose when he died. They witnessed his death and have suffered, and will continue to suffer, emotional distress as a result, including various physical manifestations of their mental distress. A reasonable person would have suffered the emotional distress suffered by Veronica and Christina under the circumstances of this case.

40. Veronica's and Christina's emotional distress are a direct and proximate result of the negligence of RARE which caused the Accident.

WHEREFORE, plaintiff prays for the following relief:

1. that all damages be awarded against RARE to the plaintiff for Awilda's conscious pain and suffering, to be paid to the plaintiff in her capacity as administrator of Awilda's estate and to be distributed in accordance with applicable law;

2. that all damages be awarded against RARE to the plaintiff for Jose's conscious pain and suffering, to be paid to the plaintiff in her capacity as administrator of Jose's estate and to be distributed in accordance with applicable law;

3. that all damages for the losses suffered by Nancy, as Awilda's surviving mother, including punitive damages under Massachusetts General Laws, c. 229, §2, be determined and

be awarded against RARE, and that those damages be ordered paid to her as administratrix of Awilda's estate, to be distributed in accordance with applicable law;

4. that all damages for the losses suffered by Jose's children, including punitive damages under Massachusetts General Laws, c. 229, §2, be determined and be awarded against RARE, and that those damages be ordered paid to Nancy as administratrix of Jose's estate, to be distributed in accordance with applicable law;

5. that all damages be awarded against RARE for all losses suffered by Veronica and Christina as a result of the negligence of the RARE, including, but not limited to, permanent injury and scarring, past and future pain and suffering, past and future medical, hospital, rehabilitative and life care costs, lost earnings and earning capacity and emotional distress as the result of witnessing Awilda's death and Jose's death, to be paid to Nancy, as mother and next friend of Veronica and Christina;

6. that all damages be awarded, against RARE, for the losses suffered by Nancy, as Veronica's and Christina' mother, including emotional distress and loss of consortium, be determined and that those damages be ordered paid to her;

7. that the court order such other relief as is from time to time sought in this action.

**Plaintiff claims a trial by jury on all counts so triable in this action.**

Plaintiff
By her attorney,

_____
ALBERT L. FARRAH, JR., ESQ.
One Washington Mall, 5th Floor
Boston, MA 02108
(617) 742-7766
B.B.O. #159340

Date: February 24, 2005

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 05-0327C | Trial Court of Massachusetts Superior Court Department County: Essex |
|---|---|---|

| PLAINTIFF(S) See attached sheet | DEFENDANT(S) RARE Hospitality International, Inc. d/b/a Longhorn Steakhouse |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE* (617) 742-7766 Albert L. Farrah, Jr., Esq. One Washington Mall, Boston, MA 02108 Board of Bar Overseers number: 159340 | ATTORNEY (if known) |

### Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence | ( F ) | ( X ) Yes    ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses .... See attached sheet ............................ $............
2. Total Doctor expenses ..... See attached sheet ............................ $............
3. Total chiropractic expenses ............................................ $............
4. Total physical therapy expenses ........................................ $............
5. Total other expenses (describe) ........................................ $............
   Subtotal $ 205,000+....
B. Documented lost wages and compensation to date ........................... $............
C. Documented property damages to date ..................................... $............
D. Reasonably anticipated future medical and hospital expenses ................ $............
E. Reasonably anticipated lost wages ....................................... $............
F. Other documented items of damages (describe)
   $............
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
   See attached sheet

   $............
   TOTAL $ 205,000 ....

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $. ...........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT    See attached sheet

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____ DATE: 2/24/05

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000    * Louis J. Farrah, II, Esq., 170 Lawrence Street, Lawrence, MA 01841
(978) 989-0007; B.B.O. #646228

Civil Action Coversheet Attachment

**Plaintiff(s)**

Nancy Rosario, Individually, as she is the Administratrix of the Estate of Awilda Santiago, Essex Probate Court Docket #03P-2499AD1, p/p/a Veronica Rosario and Christina Santiago, and as she is the Administratrix of the Estate of Jose Santiago, Berlin (Connecticut) Probate Court Docket #03P-0713

**A.   Documented medical expenses to date**

Christina Santiago (to date)

| | |
|---|---|
| Total hospital expenses | $162,257.30 |

Veronica Rosario (to date)

| | |
|---|---|
| Total hospital expenses | $ 38,656.96 |
| Total chiropractic expenses | $  2,404.00 |
| Total other expenses (Ambulance) | $  1,539.00 |
| Total | $ 42,599.96 |

**G.   Brief description of plaintiff's injury, including nature and extent of injury (describe)**

Awilda Santiago - Estate

Conscious pain and suffering, and death.

Jose Santiago - Estate

Conscious pain and suffering, and death.

Christina Santiago

Christina suffered the following injuries in the accident: left temporal bone fracture, severe trauma to her chest with bilateral pneumothoraces and pneumomediastinum, severe cognitive linguistic and severe dysphagia, vocal parameters are characterized by decreased focal range, change in pitch and harshness. Christina has suffered extensive, permanent injury. She has significant word-finding deficits with confrontation task and conversation and deficits in attention memory, thought organization, problem solving and judgment. Christina was with Awilda Santiago and Jose Santiago when they died. She witnessed both deaths and has suffered,

and will continue to suffer, emotional distress as a result, including various physical manifestations of her mental distress. Christina has incurred to date $162,257.30 in hospital and medical expenses.

Veronica Rosario

Veronica suffered multiple trauma to the brain, face, chest, spine and abdomen, including cerebral contusions, at T4-5 and multiple spleenic contusions with fracture of the anterior spleen. In addition, Veronica suffered multiple body and corneal abrasions. She was with Awilda Santiago and Jose Santiago when they died. She witnessed both deaths and has suffered, and will continue to suffer, emotional distress as a result, including various physical manifestations of her mental distress. Veronica has incurred to date $42,599.96 in hospital and medical expenses.

Nancy Rosario

Nancy Rosario has suffered damages, including but not limited to lost income, services, protection, care, assistance, society, companionship, guidance, counsel and advice of her late daughter, Awilda Santiago, as well as suffering the cost of funeral and burial expenses. In addition, Nancy Rosario has suffered, and will continue to suffer, emotional distress and anguish and the loss of the care, comfort and companionship of Veronica Rosario and Christina Santiago, as the result of the serious injuries they suffered, and will continue to suffer.

As a direct and proximate cause of the negligence of RARE and as a result of Jose's death, Jose's surviving children have suffered damages, including but not limited to lost income, services, protection, care, assistance, society, companionship, guidance, counsel and advice of Jose, as well as suffering the cost of funeral and burial expenses.

**Please Identify, By Case Number, Name and County, Any Related Action Pending in the Superior Court Department**

Nancy Rosario, Individually and as she is the Administratrix of the Estate of Awilda Santiago, Essex Probate Court Docket #03P-2499AD1 and p/p/a Veronica Rosario and Christina Santiago v. Jeffrey Southworth and Enterprise Rent-A-Car of Boston, Inc., Middlesex Superior Court C.A. #03-4704L2

Nancy Rosario, Individually and as she is the Administratrix of the Estate of Jose Santiago, Berlin (Connecticut) Probate Court, Case #03-0713 v. Jeffrey Southworth and Enterprise Rent-A-Car of Boston, Inc., Middlesex Superior Court C.A. #04-0494L2

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Nancy Rosario

**DEFENDANTS**
RARE Hospitality International, Inc.

**(b)** County of Residence of First Listed Plaintiff: Essex County, MA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Fulton County, GA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Albert L. Farrah, Jr., One Washington Mall, 5th Floor, Boston, MA 02108 (617) - 742-7766

Attorneys (If Known)
Brian P. Voke, Campbell Campbell Edwards & Conroy, P.C. One Constitution Plaza, Boston, MA 02129 (617) 241-3000

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Section 1332
Brief description of cause:
Plaintiff alleges injuries and death resulting from supply of alcohol to non-party.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE
DOCKET NUMBER

DATE: 3/29/05
SIGNATURE OF ATTORNEY OF RECORD: Brian P Voke

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) ROSARIO V. RARE Hospitality International, Inc.

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    ☐ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    ☐ II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
           740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.            for patent, trademark or copyright cases

    ☒ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
           315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
           380, 385, 450, 891.

    ☐ IV.  220, 422, 423, 430, 460, 480, 490, 610, 620, 630, 640, 650, 660,
           690, 810, 861-865, 870, 871, 875, 900.

    ☐ V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☒

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☒   NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☒    Central Division ☐    Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐   NO ☒

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME    Brian P. Voke
ADDRESS    One Constitution Plaza, Boston, MA 02129
TELEPHONE NO.    617-241-3000

(CategoryForm.wpd - 2/15/05)