UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NANCY ROSARIO, INDIVIDUALLY, AS SHE IS THE ADMINISTRATRIX OF THE ESTATE OF AWILDA SANTIAGO, ESSEX PROBATE COURT DOCKET #03P-2499AD1, P/P/A VERONICA ROSARIO AND CHRISTINA SANTIAGO, AND AS SHE IS THE ADMINISTRATRIX OF THE ESTATE OF JOSE SANTIAGO, BERLIN (CONNECTICUT) PROBATE COURT, CASE #03-0713<br><br>Plaintiff<br><br>v.<br><br>RARE HOSPITALITY INTERNATIONAL, INC. d/b/a LONGHORN STEAKHOUSE<br><br>Defendant | Civil Action #: 05 CV 10617 MLW |

**RARE HOSPITALITY INTERNATIONAL, INC.'S**
**ANSWER AND JURY DEMAND**

NOW COMES RARE Hospitality International, Inc. ("RARE"), and responds to plaintiff's Complaint as follows:

1. RARE lacks sufficient knowledge and information to admit or deny the allegations in paragraph 1.

2. RARE admits that it is a publicly traded corporation organized under law with a principal place of business at 8215 Roswell Road, Atlanta, Georgia, and denies the remaining allegations contained in Paragraph 2.

3. RARE admits that at the time of the accident described in plaintiff's complaint, it owned, operated and franchised restaurants in the United States, including restaurants operated under the names LongHorn Steakhouse, Bugaboo Creek

Steakhouse and The Capital Grille.

4. Rare lacks sufficient knowledge and information to admit or deny that it offered and supplied to the public alcoholic beverages. Rare admits the remaining allegations contained in Paragraph 4.

5-9. Rare lacks sufficient knowledge and information to admit or deny the allegations in Paragraphs 5-9, but to the extent that the paragraphs allege any liability wrongdoing or damages attributable to RARE they are expressly denied.

10. Denied.

11. Rare lacks sufficient knowledge and information to admit or deny the allegations in paragraph 11, but to the extent that the paragraph alleges any liability wrongdoing or damages attributable to RARE it is expressly denied.

12-13. Denied.

14. Rare lacks sufficient knowledge and information to admit or deny whether Southworth's driving caused the accident and the various injuries described in the complaint, but to the extent that this paragraph alleges any liability wrongdoing or damages attributable to RARE it is expressly denied. RARE denies the remainder of the averments contained in paragraph 14.

## COUNT I

15. RARE repeats and reincorporates its responses to paragraphs 1 through 14 as if fully set forth herein.

16-17. Denied.

## COUNT II

18. RARE repeats and reincorporates its responses to paragraphs 1 through 17 as if

fully set forth herein.

19-21.  Denied.

## COUNT III

22.   RARE repeats and reincorporates its responses to paragraphs 1 through 21 as if fully set forth herein.

23-4.  Denied.

## COUNT IV

25.   RARE repeats and reincorporates its responses to paragraphs 1 through 24 as if fully set forth herein.

26-28.  Denied.

## COUNT V

29.   RARE repeats and reincorporates its responses to paragraphs 1 through 28 as if fully set forth herein.

30.   Denied.

## COUNT VI

31.   RARE repeats and reincorporates its responses to paragraphs 1 through 30 as if fully set forth herein.

32.   Denied.

## COUNT VII

33.   RARE repeats and reincorporates its responses to paragraphs 1 through 32 as if fully set forth herein.

34.   Denied.

## COUNT VIII

35.   RARE repeats and reincorporates its responses to paragraphs 1 through 34 as if

fully set forth herein.

36-7.   Denied.

## COUNT IX

38.   RARE repeats and reincorporates its responses to paragraphs 1 through 37 as if fully set forth herein.

39-40.   Denied.

### FIRST AFFIRMATIVE DEFENSE

The Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The plaintiffs are barred from any recovery because the plaintiffs' alleged injuries and damages, if any, resulted from plaintiffs' own negligence which exceeded any negligence by the defendant.

### THIRD AFFIRMATIVE DEFENSE

The plaintiffs' injuries and damages, if any, were caused by third persons over whom RARE exercised neither control nor responsibility.

### FOURTH AFFIRMATIVE DEFENSE

The plaintiffs' claim is barred by M.G.L. c. 231 § 60J.

### FIFTH AFFIRMATIVE DEFENSE

The plaintiffs' claim is barred because the plaintiffs and or a third party were the sole proximate cause of the plaintiffs' injuries.

### SIXTH AFFIRMATIVE DEFENSE

The plaintiffs' damages, if any, must be reduced accordingly by the plaintiffs' failure to mitigate their damages.

JURY DEMAND

RARE demands a trial by jury on all issues.

Dated: April 1, 2005

RARE HOSPITALITY INTERNATIONAL, INC.

By Its Attorneys,

CAMPBELL CAMPBELL EDWARDS & CONROY
PROFESSIONAL CORPORATION

_____
Brian P. Voke, BBO#544327
One Constitution Plaza
Boston, MA 02129
617-241-3000

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the following attorney of record by mail on April 1, 2005.

Albert L. Farrah, Jr., Esq.
One Washington Mall, 5th Floor
Boston, MA 02108

_____
Brian P. Voke