UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NANCY ROSARIO, INDIVIDUALLY, ) <br> AS SHE IS THE ADMINISTRATRIX OF ) <br> THE ESTATE OF AWILDA SANTIAGO, ) <br> ESSEX PROBATE COURT DOCKET ) <br> #03P-2499AD1, P/P/A VERONICA ) <br> ROSARIO AND CHRISTINA SANTIAGO, ) <br> AND AS SHE IS THE ADMINISTRATRIX ) <br> OF THE ESTATE OF JOSE SANTIAGO, ) <br> BERLIN (CONNECTICUT) PROBATE ) <br> COURT, CASE #03-0713 ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> RARE HOSPITALITIES INTERNATIONAL, ) <br> INC. d/b/a LONGHORN STEAKHOUSE ) <br> ) <br> Defendant ) <br> ) | Civil Action Number: <br> 05-CV-10617MLW |

**DEFENDANT'S MOTION FOR PROTECTIVE ORDER AND SANCTIONS**

Now comes the defendant, RARE Hospitalities International Inc., d/b/a LongHorn Steakhouse ("RARE"), and pursuant Fed.R.Civ.P. 26(c)(1) respectfully requests that this Honorable Court issue a protective order forbidding the plaintiff from taking the deposition of John DiNatale. As reasons therefore, the plaintiff states the following:

1. Fed.R.Civ.P.26(b)(2)(i) specifically instructs the Courts to limit discovery if the discovery sought is "obtainable from some other source that is more convenient, less burdensome, or less expensive."

2. Plaintiff has the opportunity to obtain any testimony that Mr. DiNatale could possibly offer from means other than deposing him.

3. The information sought by this deposition is wholly irrelevant to issues in this case or the prospective relief. See e.g. *Leighr v. Beverly Enterprises-Kansas*

*Inc.*, 164 F.R.D. 550, 551 (D.Kan.1996).

4. RARE will suffer harm if no protective order is granted in that it is at a marked disadvantage in terms of obtaining information with regards to witnesses being deposed in this matter.

5. RARE has the requisite good cause necessary to limit this discovery. See e.g. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3s 1122 (9th Cir. 2003).

6. Counsel for RARE has in good faith conferred with counsel for the Plaintiff in attempting to resolve this dispute without this Court's action. See e.g. *Lockwood v. City of Philadelphia*, 205 F.R.D. 448, 450 (E.D.Pa. 2002).

7. Plaintiff's insistence on pursuing defendant's work product is so frivolous and without merit that it requires that plaintiff counsel be sanctioned in order to prevent any such abuses in the future.

8. RARE further directs this Honorable Court to refer to its Memorandum of Law in Support of Motion for Protective Order attached herewith which further sets for the basis for this motion and the relief requested.

WHEREFORE, the Defendant, RARE Hospitalities International, Inc., d/b/a LongHorn Steakhouse, respectfully requests that this Honorable Court grant a protective order forbidding the Plaintiff from taking the deposition of John DiNatale and that the defendant be awarded costs and attorney's fees for having to seek this Order.

The Defendant,
By Its Attorneys,

Michael K. Gillis, Esq.
BBO# 543551
Neil D. Schnurbach, Esq.
BBO# 664534
GILLIS & BIKOFSKY, P.C.
1150 Walnut Street
Newton, MA  02461
Tel. 617-244-4300

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NANCY ROSARIO, INDIVIDUALLY, AS SHE IS THE ADMINISTRATRIX OF THE ESTATE OF AWILDA SANTIAGO, ESSEX PROBATE COURT DOCKET #03P-2499AD1, P/P/A VERONICA ROSARIO AND CHRISTINA SANTIAGO, AND AS SHE IS THE ADMINISTRATRIX OF THE ESTATE OF JOSE SANTIAGO, BERLIN (CONNECTICUT) PROBATE COURT, CASE #03-0713<br><br>Plaintiff<br><br>v.<br><br>RARE HOSPITALITIES INTERNATIONAL, INC. d/b/a LONGHORN STEAKHOUSE<br><br>Defendant | Civil Action Number:<br>05-CV-10617MLW |

## **DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER**

Now comes the defendant, RARE Hospitalities International Inc., d/b/a LongHorn Steakhouse ("RARE"), and pursuant Fed. R. Civ. P. 26(c)(1) respectfully requests that this Honorable Court issue a protective order forbidding the plaintiff from taking the deposition of John DiNatale and pursuant 28 U.S.C. §1927 hereby moves for sanctions for frivolous discovery requests.

### I.   **STATEMENT OF THE DISPUTE**

Briefly, this case stems from an automobile accident which occurred in the early morning hours of September 27, 2003. In her Complaint, the plaintiff alleges that the defendant, RARE, overserved alcohol to a patron named Jeffrey Southworth. The allegation

1

goes on to state that RARE's service of alcohol to this patron was a contributing cause of this accident.

This discovery dispute stems from the plaintiff's surreptitious attempt to obtain the work product of the defendant, RARE. As is common practice, the defendant, RARE, retained the services of investigator John DiNatale ("DiNatale") to elicit evidence in anticipation of litigation and/or for use at trial. DiNatale's services include discussions with defense counsel concerning the strategies in the case as well as contacting potential witnesses. Witnesses contacted to date by DiNatale include: Jude Connelly, William "Todd" Currie, Michael Espy and Thomas "Scott" Espy. DiNatale's investigation is clearly within the realm of attorney work product. Plaintiff has the right, and in fact has, deposed all of the above-mentioned witness. All of these witnesses have already been deposed in this action, and in each, Attorney Farrah questioned them exhaustively concerning the conversations between the witnesses and any investigators by whom they were contacted.

Prior to filing the instant action, plaintiff filed suit in Massachusetts Superior Court against the aforementioned Jeffrey Southworth ("Southworth") as well as Enterprise Rent-A-Car ("Enterprise"). The Superior Court Complaint against Southworth and Enterprise stemmed from the same automobile accident which occurred on September 27, 2003. The plaintiff has testified that she has resolved that claim for three hundred twenty-five thousand ($325,000.00) dollars. During the course of that litigation, the plaintiff deposed the aforementioned Jude Connelly, Michael Espy and Thomas "Scott" Espy, each witness deposed without counsel for RARE present. In those depositions, plaintiff counsel in both actions, Albert Farrah, Esq., inquired freely and without objection into the service of alcohol

2

by RARE employees, which questions went well beyond the state court action and were clearly intended to garner, ex-parte evidence against the defendant in this action, RARE.

Plaintiff's counsel now seeks to depose DiNatale. DiNatale is not a percipient witness to the accident, nor does he possess any independent knowledge concerning the facts of the case. Plaintiff has not been precluded in any way from deposing each and every witness to whom DiNatale has spoken, and three (3) of the four (4) witnesses, most of whom the Plaintiff deposed previously in the Superior Court action. DiNatale's sole function is to assist counsel for the Defendant in preparing evidence in anticipation and/or for use at trial in order to defend against the allegations brought by plaintiff. Plaintiff's attempt to depose DiNatale is for no reason other than to elicit impermissible work product. Such an attempt is beyond the scope of Fed. R. Civ. P. 26.

Plaintiff's counsel has additionally refused to articulate any reason as to why there is a substantial need (or any need at all) for DiNatale's deposition. Defendant's counsel has repeatedly asked plaintiff's counsel the basis for seeking such work product information, and the only response given is that plaintiff's counsel wishes to "give it a shot." (See Exhibit "1" Letter of Michael Gillis to Albert Farrah, June 8, 2006) Such a justification is clearly beyond the scope of the Federal Rules of Civil Procedure and the basis for defendant's request for cost for the filing of this motion.

## II.    ARGUMENT

### A. THE ASSISTANCE OF INVESTIGATORS AND THEIR SUBSEQUENT COMPILATION OF MATERIALS FALLS WITHIN THE WORK PRODUCT DOCTRINE AND IS NOT DISCOVERABLE.

Fed. R. Civ. P. 26(b)(3) outlines the work product doctrine which protects against anything "prepared by a party or his representative in anticipation of litigation." *In Re*

3

*Grand Jury Subpoena,* 357 F.3d 900, 906 (9th Cir. 2004) quoting from *Admiral Ins. Co. v. United States District Court,* 881 F.2d 1486, 1494 (9th Cir. 1989). Work product does not have to be produced during the course of discovery unless the adverse party demonstrates a "substantial need [for] the materials" and "undue hardship [in obtaining] the substantial equivalent of the materials by other means." Fed. R. Civ. P. 26(b)(3) See also *In Re Grand Jury Subpoena,* 357 F.3d at 906.

The Supreme Court had held that the work product doctrine applies to investigators working for attorneys, as long as the discovery sought was prepared in anticipation of litigation. *United States v. Nobles,* 422 U.S. 225, 239 (1975). Specifically, the Supreme Court stated the following, "one of [the] realities [of the adversarial system] is that attorneys often must rely on the assistance of investigators and other agents in the compilation of materials in preparation for trial. It is therefore necessary that the [work product] doctrine protect material prepared by agents for the attorney as well as those prepared by the attorney himself." *Nobles,* 422 U.S. at 238-239.

In the case at bar, plaintiff's counsel is clearly trying to obtain work product information. He has not shown the "substantial need" for the materials as is required under the Federal Rules. In fact, despite repeated questioning from defense counsel, plaintiff counsel has failed to articulate a single basis for this deposition. Such an attempt is clearly beyond the purview of anticipated discovery under Fed. R. Civ. P. 26.

To reiterate, Mr. DiNatale is not a percipient witness. His work is performed at the behest of the defendant in preparation and/or in anticipation of litigation or trial. As such it is protected work product. There is no basis for taking his deposition.

This aforementioned position has been adopted by the District Court of Massachusetts. In an opinion relating to work product doctrine with respect to documents, Judge Collings stated: "the test should be whether, in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation." *In re Lernout & Hauspie Securities Litigation,* Civil Action 0-11589-PBS (D.Mass. 2004) quoting from *Hi-G Incorporated and Defiance Circuit Co. v. Ins. Co. of North America,* 35 F.R.Serv.2d 861. 862 (D.Mass. 1982). While the case at bar does not deal with documents per se, the rationale remains the same. Any prospective testimony offered by Mr. DiNatale was prepared or obtained after the commencement of this litigation, in fact, well after litigation was commenced. This is particularly clear given the nature of his expected testimony and the factual situation of this particular case. Clearly, any information that Mr. DiNatale could offer with respect to this case is protected by the attorney work product doctrine.

### B. JOHN DINATALE HAS NO INDEPENDENT KNOWLEDGE RELEVANT TO THE CLAIMS AND/OR DAMAGES PRESENTED BY THE PLAINTIFF IN HER COMPLAINT.

According to Fed.R.Civ.P. 26(c)(1) the court may issue a protective order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including… that the disclosure or discovery not be had." Protective orders are entered if a party has good cause. *Foltz v. State Farm Mut. Auto. Ins. Co.,* 331 F.3d 1122 (9th Cir. 2003); see also *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.,* 263 F.3d 1304, 1310. Courts have explained this requirement by stating, "the appropriateness of protective relief from discovery depends upon a balancing of the litigation needs of the discovering party and any countervailing protectible interests of the party from whom discovery is sought." *Mitchell v.*

5

*Fishbein,* 227 F.R.D. 239, 245 (S.D.N.Y. 2005) quoting from *Apex Oil Co. v. DiMauro,* 110 F.R.D. 490, 496 (S.D.N.Y. 1985). In the case at bar, the discovering party does not articulate the need to legitimately warrant the deposition of Mr. DiNatale. The sole purpose of plaintiff's request is to impermissibly gain insight into defendant's work product. Defendant's countervailing interests in protecting its work product greatly exceed the yet to be articulated interests purported by the plaintiff to have with respect to Mr. DiNatale's testimony.

Case law has also clearly articulated that if information sought by a deposition is wholly irrelevant to issues in the case or the prospective relief, then a protective order is appropriate. See e.g. *Leighr v. Beverly Enterprises-Kansas, Inc.,* 164 F.R.D. 550, 551 (D.Kan.1996). As the only information garnered by Mr. DiNatale is protected work product pursuant to Fed.R.Civ.P. 26(b), there is no substantive information that Mr. DiNatale could offer that is relevant to any issues in the case or any relief sought by the plaintiff.

While discovery is broad in its scope, *Shelton v. American Motors,* 805 F.2d 1323, 1326 (8th Cir. 1986), the Eight Circuit Court of Appeals has clearly stated:

> This often intoned legal tenet should not be misapplied as to allow fishing expeditions in discovery. Some threshold showing of relevance must be made before parties are required to open wide the doors of discovery and produce a variety of information which does not reasonably bear upon the issues in the case.

*Hofer v. Mack Trucks, Inc.,* 981 F.2d 377, 380 (8th Cir. 1992). Clearly, the plaintiff here cannot satisfy the threshold showing of relevance in this case. Plaintiff's reasons for seeking Mr. DiNatale's deposition are the annoyance, embarrassment, oppression, or undue burden or expense on the defendant as well as seeking protected information. As noted by other jurisdictions, "we will remain reluctant to allow any party to 'roam in the shadow zones of relevancy and to explore matter which does not presently appear germane on the theory that it might conceivably become so." *Onkuwa v. Federal Express Corp.,* 178 F.R.D. 508, 516

6

(D.Minn. 1997); quoting from *Carlson Cos., Inc. v. Sperry & Hutchinson Co.,* 374 F.Supp. 1080, 1089 (DC Minn. 1974).

### III.   SANCTIONS:

28 U.S.C. §1927 provides that "any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees incurred because of such conduct." In the case at bar, counsel for the defendant has repeatedly asked plaintiff's counsel the reason for which he needs DiNatale's deposition, and repeatedly no articulated reason has been offered. Despite same, plaintiff counsel insists on going forward with the DiNatale deposition. This deposition request by plaintiff's counsel is a frivolous discovery request and has wasted the Court's time and as well as defense counsel's time.

The Federal Rules and advisory committee notes indicate that such conduct during the course of discovery is impermissible and should be sanctioned. In its commentary to Fed. R. Civ. P. 37(a)(4)[1] the advisory committee stated that sanctions are appropriate to "deter the abuse implicit in carrying or forcing a discovery dispute to court when no genuine dispute exists. And the potential or actual imposition of expenses is virtually the sole formal sanction in the rules to deter a party from pressing to a court hearing frivolous requests for or objections to discovery." Fed. R. Civ. P. 37(a)(4) advisory committee's note (1970 amendment). Clearly "taking a shot" at a deponent whose only information is protected work product falls within the purview of the advisory committee's comment. As

---

[1] The Defendant acknowledges that Fed. R. Civ. P. 37(a)(4) is a rule pertaining to Motions to Compel Discovery. However, the rationale behind the advisory committee's reasoning is certainly applicable to disputes such as the one at issue.

7

such, defense counsel should be entitled to the attorneys' fees and costs associated with the filing of the instant motion.

IV. **CONCLUSION:**

John DiNatale is not a percipient witness, nor does he possess any information that could not be obtained from percipient witnesses. The work of Mr. DiNitale is clearly work done in anticipation of litigation or for trial and was, in fact, performed well after litigation was commenced. Plaintiff has not articulated any need for the information sought, and clearly it would be unlikely that any need articulated would outweigh the defendant's right to protect its work product. Mr. DiNitale's deposition would only serve as a fishing expedition to gain insight into the trial strategy of the defendant. Precluding this deposition would follow the well traveled road set by this Court to preclude such wasteful efforts. The insistence of plaintiff counsel to pursue this request should be sanctioned.

WHEREFORE, the Defendant, RARE Hospitalities International, Inc., d/b/a LongHorn Steakhouse respectfully requests that this Honorable Court grant a protective order preventing the Plaintiff from taking the deposition of John DiNatale and grant attorneys' fees and costs associated with the filing of the instant motion.

> The Defendant,
> By Its Attorneys,
>
> /s/ Michael K. Gillis
> Michael K. Gillis, Esq.
> BBO# 543551
> Neil D. Schnurbach, Esq.
> BBO# 664534
> GILLIS & BIKOFSKY, P.C.
> 1150 Walnut Street
> Newton, MA 02461
> Tel. 617-244-4300

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NANCY ROSARIO, INDIVIDUALLY, AS SHE IS THE ADMINISTRATRIX OF THE ESTATE OF AWILDA SANTIAGO, ESSEX PROBATE COURT DOCKET #03P-2499ADI, P/P/A VERONICA ROSARIO AND CHRISTINA SANTIAGO, AND AS SHE IS THE ADMINISTRATRIX OF THE ESTATE OF JOSE SANTIAGO, BERLIN (CONNECTICUT) PROBATE COURT, CASE #03-0713 </br></br> Plaintiff </br></br> v. </br></br> RARE HOSPITALITIES INTERNATIONAL, INC. d/b/a LONGHORN STEAKHOUSE </br></br> Defendant | Civil Action Number: </br> 05-CV-10617MLW |

### MICHAEL K. GILLIS' CERTIFICATE OF CONFERENCE

Pursuant to Fed.R.Civ.P. 26(c), I Michael K. Gillis, attorney for RARE Hospitalities International, Inc. d/b/a LongHorn Steakhouse hereby certify that I have in good faith conferred and/or attempted to confer with counsel for the plaintiff, Albert L. Farrah, Esq. in an effort to resolve this discovery dispute without a court order.

8/1/06
Date

Michael K. Gillis, Esq.
Gillis & Bikofsky, P.C.
1150 Walnut Street
Newton, MA 02461
Tel. No. (617) 244-4300
BBO #543551

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NANCY ROSARIO, INDIVIDUALLY, AS SHE IS THE ADMINISTRATRIX OF THE ESTATE OF AWILDA SANTIAGO, ESSEX PROBATE COURT DOCKET #03P-2499AD1, P/P/A VERONICA ROSARIO AND CHRISTINA SANTIAGO, AND AS SHE IS THE ADMINISTRATRIX OF THE ESTATE OF JOSE SANTIAGO, BERLIN (CONNECTICUT) PROBATE COURT, CASE #03-0713<br><br>Plaintiff<br><br>v.<br><br>RARE HOSPITALITIES INTERNATIONAL, INC. d/b/a LONGHORN STEAKHOUSE<br><br>Defendant | Civil Action Number:<br>05-CV-10617MLW |

### AFFIDAVIT OF MICHAEL K. GILLIS, ESQ.

1. My name is Michael K. Gillis, Esq., and I represent RARE Hospitalities International, Inc. d/b/a LongHorn Steakhouse in the above captioned matter.

2. I have repeatedly contacted Plaintiff's counsel, Albert L. Farrah, Jr., Esq. in order to discuss resolving this discovery dispute without court action.

3. In so doing, I have asked attorney Farrah for the basis in taking the deposition of investigator John DiNatale when such discovery is clearly protected by the attorney work product doctrine.

4. Attorney Farrah has steadfastly refused to give any basis under which he is requesting said deposition and instead has said that he wishes to "give it a shot".

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 1st DAY OF AUGUST, 2006

_____
MICHAEL K. GILLIS, ESQ.